UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL FOURTE,

    Petitioner,

v.

RICHARD V. SPENCER, in his official capacity as Secretary of the Navy and his successors in office,

    Respondent.

Civil Action No. 18-2023 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

The *pro se* petitioner, Michael Fourte, is a Reserve Naval Officer who seeks reconsideration of the denial of his petition for a writ of habeas corpus, reviving his request that this Court order the respondent, Richard V. Spencer, the Secretary of the Navy, to demobilize him from his active duty assignment in Africa and to reassign him within the Navy. *See* Pet'r's Mot. Reconsideration, ECF No. 14; *Fourte v. Spencer*, No. 18-cv-2023 (BAH), 2019 WL 340713, at *1–7 (D.D.C. Jan. 28, 2019) ("Mem. Op.") (denying Fourte's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Pet."), ECF No. 1). In the alternative, Fourte asks for a certificate of appealability ("COA"). *See* Pet'r's Reply in Support of His Mot. Reconsideration ("Pet'r's Reconsideration Reply") at 6, ECF No. 16. For the reasons explained below, Fourte's Motion for Reconsideration and request for a COA are denied.

**I.    BACKGROUND**

The Court's previous Memorandum Opinion laid out this matter's background in detail, *see* Mem. Op. at *1–4, so only a brief overview of the relevant facts is necessary. Fourte is a "Reserve Naval Officer with 20 years of service in the United States Navy, including over 16

1

years of active duty service." *Id.* at *1. While stationed on "active duty" in Washington, D.C., Fourte was "ordered to active duty" for a different assignment as "Officer in Charge" of a military base in Africa, *id.*, "[r]esponsible for the overall safety, security, and well-being of the [base] and all troops therein," *id.* at *2 (alterations in original). Upon receiving the Africa assignment, Fourte believed that the Navy needed "a waiver and justification" to mobilize him because he would accumulate over 16 years of active duty service by the time the Africa assignment began. *Id.* at *1. Fourte pointed to the Navy's waiver process for Navy reservists with 16 years of active duty service, provided in Chief of Naval Operations Instruction 1001.27. *Id.* at *2 n.1. This particular instruction is designed to protect "the Navy from inadvertent, unnecessary spending" on higher retirement pay owed to officers who ultimately achieve twenty years of active duty service while on active duty. *See id.* The Navy obtained the waiver, and in compliance with "the Africa orders," Fourte was "mobilized to active duty involuntarily." *Id.* at *2.

Fourte challenges his assignment to active duty in Africa in this case, but the instant petition is not Fourte's first bite at the apple. Before arriving in Africa, Fourte filed a habeas petition in this Court because he believed the waiver paperwork for the Africa assignment did not comply with the Navy's waiver procedures. *Id.* at *3. Fourte's action was transferred to the United States District Court for the District of South Carolina ("D.S.C.") since at that time, Fourte was stationed at Fort Jackson in South Carolina. *See Fourte v. Spencer*, No. 18-cv-1847, Mem. & Order at 1–6 (D.D.C. Aug. 10, 2018) (citing *Rooney v. Sec'y of the Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005)). D.S.C. then dismissed the action because Fourte's petition was not justiciable, and he had not exhausted his intraservice remedies, including presentation of his objections to a Special Cases Board ("SCB"). *See Fourte v. Spencer*, No. 18-cv-2212, 2018 WL

2

3845136, at *1 (D.S.C. Aug. 12, 2018) (D.S.C. Magistrate Judge's report recommending dismissal of Fourte's first habeas petition); *Fourte v. Spencer*, No. 18-cv-2212, 2018 WL 3829232, at *1–3 (D.S.C. Aug. 13, 2018) (D.S.C. Order and Opinion dismissing Fourte's first habeas petition ("D.S.C. 2018 Dismissal Order")); *Fourte v. Spencer*, No. 18-cv-2212, 2018 WL 3980209, at *1–3 (D.S.C. Aug. 21, 2018) (denying Fourte's motion for reconsideration).

In a bold move, after arriving in Africa, Fourte filed this action in this Court, challenging his mobilization to Africa again, based on "nearly identical allegations to those in the first habeas petition," Mem. Op. at *3, without exhausting intraservice remedies as required by the D.S.C. 2018 Dismissal Order. Rather than making a "modest request" to correct the Navy's alleged waiver processing errors, Fourte instead sought an extraordinary remedy, asking this Court to interfere with the Navy's personnel decisions, order his demobilization, and restore him to his former active duty assignment in Washington, D.C. *Id.* at *6. As a result, the Court denied Fourte's petition because the relief he sought—reassignment within the Navy by judicial decree—was not justiciable, and Fourte still had not presented his objections to the SCB. *See generally id.*

Undeterred, Fourte filed the instant motion, seeking reconsideration of the denial of his petition, and in the alternative, a COA. *See* Pet'r's Mot. Reconsideration at 1; Pet'r's Reconsideration Reply at 6. Each of Fourte's requests is discussed in turn, and for the reasons explained below, both requests are denied.

## II. MOTION FOR RECONSIDERATION

While Fourte fails to specify the Federal Rule of Civil Procedure under which he seeks reconsideration, Fourte filed the instant motion within twenty-eight days after the Court's

3

January 28, 2019 Order, and thus, the motion is considered under Rule 59(e).[1] *See* Pet'r's Mot. Reconsideration; *see also Owen–Williams v. BB & T Inv. Servs., Inc.*, 797 F. Supp. 2d 118, 121–22 (D.D.C. 2011) ("As a general matter, courts treat a motion for reconsideration as originating under Rule 59(e) if it is filed within 28 days of the entry of the order at issue and as originating under Rule 60(b) if filed thereafter." (footnote omitted)); *accord Bowser v. Smith*, No. 16-cv-01455 (TNM), 2019 WL 450670, at *1 (D.D.C. Feb. 4, 2019).

Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment." FED. R. CIV. P. 59(e). A Rule 59(e) motion is "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). As the D.C. Circuit recently stressed, "the reconsideration or amendment of a judgment is nonetheless an extraordinary measure." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," *id.* (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008)), and "is 'not a vehicle to present a new legal theory that was available prior to judgment,'" *id.* (quoting *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012)). Thus, "Rule 59(e) is not available to a party who 'could have easily avoided the outcome, but instead elected not to act until after a final

---

[1] Construing the pending motion in this way is to Fourte's benefit, since "[t]he standards that govern Rule 60(b) are even more restrictive" and "'in most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment' than on a Rule 59(e) motion." *Taitz v. Obama*, 754 F. Supp. 2d 57, 58 (D.D.C. 2010) (quoting *Uberoi v. EEOC*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002)); *see also Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006) ("Relief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors.").

order had been entered.'" *Id.* at 220 (quoting *Ciralsky v. CIA*, 355 F.3d 661, 665 (D.C. Cir. 2004)).

Here, Fourte identifies no "intervening change of controlling law," newly available evidence, or "manifest injustice." *Messina*, 439 F.3d at 758. He only claims that the Court was wrong, primarily by repeating points already rejected. *See* Pet'r's Mot. Reconsideration. Specifically, Fourte resurrects his arguments that (1) he is not lawfully in the Navy because he only volunteered for an assignment in Washington, D.C., not in Africa, *id.* at 2; (2) he disagrees with the choice to deploy him to Africa because he believes "[n]o sane General Officer" would mobilize him, *id.* at 4–6; and (3) he is exempt from the exhaustion requirement because he has shown irreparable injury, *id.* at 6–7.[2] The prior Memorandum Opinion rejected these points already. *See* Mem. Op. at *4–7 (reasoning that Fourte is lawfully in the Navy because he concedes he is a reservist who may be recalled to active duty, that Fourte's petition improperly asks the Court to second-guess military personnel decisions, and that Fourte's petition alleges paperwork errors rather than irreparable harm). Those reasons continue to pertain and need not

---

[2]    Fourte's irreparable injury argument has previously been rejected because he only alleged that the Navy improperly processed his waiver paperwork and conceded the Navy's authority to order him to active duty. *See* Mem. Op. at *7. Fourte nonetheless renews his claim of irreparable injury, citing *Qualls v. Rumsfeld*, 357 F. Supp. 2d 274 (D.D.C. 2005), and *Patton v. Dole*, 806 F. 2d 24 (2d Cir. 1986). These two cases are not binding, and do not establish clear error justifying reconsideration. In both cases, the plaintiffs challenged whether they were enlisted in the military, claiming irreparable injury if ordered to active duty. *See Qualls*, 357 F. Supp. 2d at 280 (contesting active duty order based on allegation that term of enlistment had been improperly extended); *Patton*, 806 F.2d at 26 (disputing "involuntary induction" into the Navy after voluntary resignation from a Marine Academy). In stark contrast, Fourte admits that he is, and seeks to remain, a member of the Navy Reserves who may be ordered to active duty. *See* Pet'r's Mot. Reconsideration at 3 (seeking order placing him "back into the reserves"); *see also* Pet'r's Reply in Support of Habeas Petition ("Pet'r's Habeas Reply") at 8, ECF No. 11 ("It is undisputed that the military may recall reservists."). Thus, for Fourte, who is undoubtedly a member of the Navy, "no harm" arises from his activation to duty. *Qualls*, 357 F. Supp. 2d at 286 (citing *Doe v. Rumsfeld*, No. CIV. S-04-2080 FCD K, 2004 WL 2753125, at *3 (E.D. Cal. Nov. 5, 2004) (finding no irreparable injury because "Petitioner is enlisted in the military . . . subject to activation and deployment," and as a result, injury from activation to duty "does not commence with activation, it occurs when his enlistment expires.")).

5

be rehashed in detail here. *See Leidos, Inc.*, 881 F.3d at 217 (recognizing that a Rule 59(e) motion "may not be used to relitigate old matters").

Fourte also raises two new arguments, neither of which justifies alteration or amendment of the denial of his petition. First, Fourte contends that he never sought reassignment to his previous active duty assignment in Washington, D.C. Pet'r's Mot. Reconsideration at 3. Fourte's prior submissions contradict this assertion. Fourte originally asked the Court to "declare [his] orders unlawful," demobilize him, and "restore [him] to [his] previous duty," explaining that just before his mobilization to Africa, he was on active duty in Washington, D.C. *See* Pet. ¶¶ 13–15, 23; Civil Case Form for Habeas Petitions Under 28 U.S.C. § 2241 ("§ 2241 Habeas Form") at 8 (Request for Relief), ECF No. 1. Fourte doubled down on his request for reassignment back to Washington, D.C. in his reply brief in support of his petition, again asking the Court to "demobilize [him] and restore him to his premobilization status." Pet'r's Habeas Reply at 26. In fact, Fourte concedes that he contemplated reassignment to Washington, D.C. when he drafted his requested relief, explaining that he "was willing to finish out . . . the DC orders." Pet'r's Mot. Reconsideration at 3.

Having failed to obtain the relief he initially requested, Fourte now belatedly claims that he meant to seek an order placing him "back into the reserves" because his prior Washington, D.C. active duty assignment has expired. *See id.* Fourte adds that the Court should review his original petition as a request to be restored to the Reserves because, notwithstanding that he has a J.D., he is entitled to the "benefit of the doubt given to other *Pro Se* litigants," and his requested relief was sufficiently vague to give the Court "flexibility." *Id.* at 3–4.

Fourte overlooks that a *pro se* pleading, "like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir.

6

1994) (quoting *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981)). Fourte's petition did not specify that he sought to be placed back into the Reserves, *see generally* Pet., and the Court "'need not accept inferences drawn by [the petitioner] if such inferences are unsupported by the facts set out'" in the petition, as is the case here. *Id.* (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Nonetheless, Fourte's point that he meant to seek an order returning him to the Reserves is a red herring because he again "asks the Court, in the form of a writ of habeas corpus, to countermand and revise his active duty orders." Mem. Op. at *4 (citing *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953)). Even with his revised request for relief, Fourte's petition remains non-justiciable, requiring the Court to "second-guess the military's decision about how best to allocate military personnel in order to serve the security needs of the Nation." *See* Mem. Op. at *5 (collecting D.C. Circuit cases denying similar requests for relief as non-justiciable). Thus, Fourte's belated edit does not warrant reconsideration of the denial of his petition.

Second, Fourte argues that exhaustion of intraservice remedies should not be required because the SCB is an invalid intraservice avenue for relief, asserting for the first time that the Navy might construe a presentation to the SCB as a concession that Fourte's mobilization to Africa is "valid," and would require Fourte to "fabricate a hardship." Pet'r's Mot. Reconsideration at 7–8. Fourte may not pursue this "new legal theory" on reconsideration. *See Leidos, Inc.*, 881 F.3d at 217. Moreover, as the prior Memorandum Opinion concluded, the preclusive effect of the D.S.C. 2018 Dismissal Order bars him from relitigating the exhaustion requirement in this case. *See* Mem. Op. at *6–7. Additionally, even if Fourte could relitigate exhaustion now, the declaration on which Fourte previously relied contradicts his new rationale for why the SCB is an invalid intraservice remedy. Indeed, that declaration stated the SCB "is

available to Sailors who have significant personal, legal, . . . or other issues that could affect their mobilization, or require special consideration." *See id.* at *7 (citing Pet'r's Habeas Reply at 3). Thus, Fourte has failed to establish clear error justifying reconsideration, and his continued refusal to seek relief before the SCB bars him from bringing his claims in this Court.

In sum, Fourte's claims of "error" fall flat. *See* Pet'r's Mot. Reconsideration. The prior Memorandum Opinion correctly concluded that Fourte's petition is non-justiciable, and even if his petition were justiciable, Fourte is barred from raising his claims in federal court until he exhausts his intraservice remedies. *See generally* Mem. Op.

## III. REQUEST FOR CERTIFICATE OF APPEALABILITY

As an alternative to reconsideration, Fourte requests a COA in his reply brief. Pet'r's Reconsideration Reply at 6. Fourte brought his habeas petition pursuant to 28 U.S.C. § 2241. *See* § 2241 Habeas Form; *see also Schlanger v. Seamans*, 401 U.S. 487, 489 (1971) (explaining that the term "prisoner" in 28 U.S.C. § 2241(c) "has been liberally construed to include members of the armed services who have been unlawfully detained, restrained, or confined"); *Rooney*, 405 F.3d at 1031–32 (construing a serviceman's challenge to his "orders calling him to active duty" as seeking habeas relief under 28 U.S.C. § 2241). Although 28 U.S.C. § 2253 requires a COA for a petitioner to appeal the denial of certain habeas petitions, § 2253 "does not refer to § 2241 claims." *Sugarman v. Pitzer*, 170 F.3d 1145, 1146 (D.C. Cir. 1999). As a result, the "COA requirement does not apply to" Fourte's § 2241 petition, *see id.*, and a COA is unnecessary. Fourte's request for a COA is therefore denied.

## IV. CONCLUSION AND ORDER

Upon consideration of Michael Fourte's Motion for Reconsideration, ECF No. 14, the related legal memoranda in support and in opposition, and the entire record herein, for the reasons set forth in this Memorandum Opinion and Order, it is hereby

**ORDERED** that Fourte's Motion for Reconsideration, ECF No. 14, is **DENIED**; and it is further

**ORDERED** that Fourte's request for a COA, *see* Pet'r's Reconsideration Reply at 6, is **DENIED** as unnecessary.

**SO ORDERED.**

*This is a final and appealable order.*

Date: March 29, 2019

_____
BERYL A. HOWELL
Chief Judge